IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00454–REB–KMT

ANTHONY MENDOZA,

    Plaintiff,

v.

ATLAS CONCRETE, INC., a Colorado corporation, and
DWAYNE HEIDELBURG, individually,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Second Motion to Amend Complaint." ([Doc. No. 26] [filed July 15, 2009] [hereinafter "Mot."].) Plaintiff filed the original Complaint in this action on March 4, 2009 only naming Atlas Concrete, LLC (hereinafter "Atlas") as the defendant. (Doc. No. 1.) Defendant Atlas filed its Answer to the original Complaint on April 16, 2009. (Doc. No. 5.) Plaintiff filed its first unopposed "Motion to Amend Complaint" on June 18, 2009 seeking to add one claim and Dwayne Heidelburg as a defendant (Doc. No. 20), which was granted by this court on June 18, 2009. (Doc. No. 22.) Defendant Atlas filed its Answer to the First Amended Complaint ([Doc. No. 23] [hereinafter "FAC"]) on July 9, 2009. (Doc. No. 24.) Defendant Heidelburg filed his Answer to the FAC on August 3, 2009. (Doc. No. 34.) Plaintiff filed the "Second Motion to Amend Complaint" (Doc. No. 26) on July 15,

2009. Defendant Atlas filed its Response on July 27, 2009.[1] ([Doc. No. 32] [hereinafter "Resp."].) Defendant Heidelburg did not file a Response to the Motion. Plaintiff did not file a Reply in support of the Motion. The deadline to amend pleadings was July 15, 2009; therefore Plaintiff's Motion was timely filed. (*See* Doc. No. 14.)

## ANALYSIS

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, Plaintiff seeks to amend the Complaint in order to add TAB Construction, Inc. (hereinafter "TAB") as an additional Defendant. (Mot. at 1.) Plaintiff claims that TAB and Defendant Atlas "were joint employers of [the plaintiff] Mr. Mendoza," because they "shared common ownership and financial control, interrelated operations, common management, and centralized control of labor relations." (*Id.*) Plaintiff claims Defendant Atlas has ceased

---

[1] On July 24, 2009, Defendant Atlas filed its "Objection to Plaintiff's Second Motion to Amend Complaint." (Doc. No. 29.) Counsel was advised to refile the document as a "Response" to the Motion. (Doc. No. 30.) On July 25, 2009, Defendant Atlas refiled the document as a "Response," but with the title: "Objection to Plaintiff's Second Motion to Amend Complaint." (Doc. No. 31.) On July 27, 2009, Defendant Atlas filed the operative Response (Doc. No. 32), properly titled and docketed as a Response.

business operations, allowing it to avoid any judgment in this case, and that "[a]dding [TAB] is required by justice for [the plaintiff] to pursue a meaningful remedy."  (Mot. at 1–2.)

Defendant contends that Plaintiff's Motion should be denied because "Plaintiff was well aware of [TAB] and chose not to join it in the original or the [FAC]."  (Resp. at 3.)  Defendant claims the purpose of Plaintiff's Motion is "a change in strategy to add an additional party that may be more financially solvent than the current Defendants."  (*Id.*)  Defendant asserts that it would be "severely prejudiced by the addition of another defendant at this stage of the proceedings . . . [as] [m]ore delay and attorneys' fees would result . . . [in] work[ing] a hardship on [Defendant Atlas]."  (*Id.* at 2–3.)

Noticeably absent from Defendant's Response is an explanation of how Plaintiff's prior awareness of TAB's status as joint employer with Atlas and Plaintiff's change of strategy work to prejudice Defendant in any way.  Also absent is any elaboration on the "severe prejudice," and additional "delay and attorneys' fees" that Defendant claims will result from the addition of TAB as a defendant.  In fact, if TAB and Atlas do share common ownership, financial control, interrelated operations, common management, and centralized control of labor relations, this court does not see any support for the claim of increased costs or delay.  Defendant Atlas has not alleged, and the court does not find, futility, bad faith or an intentional dilatory motive on the part of Plaintiff, nor repeated failure to cure deficiencies by amendments previously allowed.

The court is to grant leave to amend pleadings freely when justice so requires.  *See* Fed. R. Civ. P. 15(a).  Defendant has failed to persuade the court that justice does not require the addition of a party whose status as Plaintiff's joint employer appears to be undisputed at this stage, and who is "more financially solvent" and may be potentially liable in this action.  Therefore, Plaintiff's Motion (Doc. No. 26) is **GRANTED**.  The Clerk of Court is directed to file the Second Amended Complaint which is attached to the Motion (Doc. No. 26-2).

Dated this 31st day of August, 2009.

**BY THE COURT:**

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge